2011-10255
FILED
June 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003540028

**8**

MARK L. POPE #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MARCO ZARAGOZA,<br><br><br><br><br><br>                                  Debtor. | Case No. 11-10255-A-7<br>Chapter 7<br>DC No. UST-1<br><br>Date:  June 1, 2011<br>Time:  9:00 a.m.<br>Place: U.S. Bankruptcy Court<br>          2500 Tulare Street, Courtroom 11<br>          Fifth Floor, Dept. A<br>          Fresno, California<br>Judge: Whitney Rimel |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING PAYMENT TO THE DEBTOR AND FOR FINES PURSUANT TO 11 U.S.C. § 110**

On June 1, 2011, the Court considered the United States Trustee's Motion for an Order Directing Payment to the Debtor and for Fines Pursuant to 11 U.S.C. § 110(l).  Mark L. Pope, Esq. appeared for the United States Trustee.  The Debtor, Marco Zaragoza, appeared for himself.   Having reviewed the pleadings and considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

### Findings of Fact

1. On January 10, 2011, Marco Zaragoza ("the Debtor") filed a voluntary petition under chapter 7.   Robert Hawkins was appointed chapter 7 trustee.

RECEIVED
June 03, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003540028

2. No attorney or bankruptcy petition preparer signed the Petition.

3. No disclosure of petition preparer compensation was filed as required by 11 U.S.C. § 110(h)(2).

4. On February 12, 2011, the Debtor appeared and testified under oath before Robert Hawkins at the meeting of creditors required by 11 U.S.C. § 341(a).

5. The Debtor testified that, in an effort to save his home, he paid JC Financial ("the Preparer") a $360 consulting fee, $1,240 for loan modification services (half the requested fee) and $600 to prepare his bankruptcy documents. The Debtor testified that he met with Jose Chairez, the owner of JC Financials.

6. Also on February 12, 2011, the Debtor provided copies of his receipts for all three of the referenced payments to the Preparer as well as business cards for Jose Chairez ("the Preparer") of JC Financials. Neither Jose Chairez nor JC Financials is a licensed real estate broker.

7. The Debtor testified that after he paid the Preparer for loan modification assistance on November 20, 2010, the Preparer called him at home the evening of January 9, 2011, and told him he needed to come to his office early Monday morning to get bankruptcy documents because his house was set for foreclosure sale at about noon on Monday.

8. The Debtor testified that at the Preparer's request, he paid him another $600 to prepare all his bankruptcy documents. The Debtor further testified that, after he paid the $600, the Preparer prepared all of the Debtor's bankruptcy documents which the Debtor then drove to Modesto and filed with the Bankruptcy Court paying the full filing fee himself.

9. The Debtor also testified that his home loan was not modified as a result of the fees he paid to the Preparer.

### CONCLUSIONS OF LAW

10. The United States Trustee is statutorily obligated to monitor the administration of cases commenced under chapter 7, 11, 12 and 13 of the Bankruptcy Code. 28 U.S.C. §

586(a)(3). The United States Trustee has standing to raise, and to appear and be heard on, any issue in any bankruptcy case or proceeding. 11 U.S.C. § 307. The United States Trustee may file a motion for an order directing payment to the debtor and for fines under 11 U.S.C. §§ 110(i) and 110(l)(3).

11. The Preparer is a bankruptcy petition preparer. Section 110 of the Bankruptcy Code provides in relevant part:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney, who prepares for compensation a document for filing; and
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District court in connection with a case under this title.

11 U.S.C. § 110(a)(1) and (2).

12. The Preparer engaged in fraudulent, unfair and deceptive conduct and may be ordered to pay $4,400 to the Debtor. Section 110(i)(1) of the Bankruptcy Code provides in pertinent part:

> If a bankruptcy petition preparer violates this section or commits any acts that the court finds to be fraudulent, unfair, or deceptive, on motion of the debtor, trustee, United States trustee . . . , and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor -
> (A) the debtor's actual damages;
> (B) the greater of -
>     (i) $2,000; or
>     (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
> (C) reasonable attorney fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1).

13. In charging the Debtor an advance fee of $1,240 for loan modification services without being a licensed real estate broker and without having first performed all of the promised services related thereto, the Preparer engaged in fraudulent, unfair and deceptive conduct.[1]

---

[1] California Business and Professions Code § 10131 provides in pertinent part:

A real estate broker within the meaning of this part is a person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to

14. The Preparer further engaged in fraudulent, unfair and deceptive conduct by preparing the Debtor's bankruptcy documents in such away as to conceal his involvement and in charging the Debtor a bankruptcy preparation fee of $600 which exceeded this Court's fee limit by $475. [2]

15. The Debtor paid the Preparer three payments of $360, $1,240 and $600 respectively, for a total of $2,200. The Court may order the Preparer to pay the Debtor twice that amount or $4,400. 11 U.S.C. § 110(l)(3).

16. The Preparer may be fined. Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection(b),(c),(d),(e),(f),(g) or (h) may be fined not more than $500 for each such failure

do one or more of the following acts for another or others: . . .

(d) Solicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity.
Cal. Bus. & Prof. Code § 10131.

California Civil Code § 2944.7 provides in pertinent part:

(a) Notwithstanding any other provision of law, it shall be unlawful for any person who negotiates, attempts to negotiate, arranges, attempts to arrange, or otherwise offers to perform a mortgage loan modification, or other form of mortgage loan forbearance for a fee or other compensation paid by the borrower, to do any of the following:

(1) Claim, demand, charge, collect, or receive any compensation until after the person has fully performed each and every service the person contracted to perform or represented that he or she would perform.
Cal. Civ. Code § 2944.7

---

[2] The fee paid by the debtor to a bankruptcy petition preparer for typing and filing a bankruptcy petition may not exceed $125.00 including expenses (such as photocopies, postage, telephone charges and courier services). Guidelines to Petition Preparers in Eastern District of California Cases, para. 2.

11 U.S.C. § 110(l)(1).

The Preparer failed to comply with subsections (b), (c), (e), and (h) of Section 110, as described below, and may be fined for each such failure.

17. Section 110 of the Bankruptcy Code provides in relevant part:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to -
>     (A) sign the document for filing; and
>     (B) print on the document the name and address of that officer, principal, responsible person, or partner.

11 U.S.C. § 110(b)(1)(A)-(B).

The Preparer did not sign or print his name or the name of its officer, principal, responsible person or partner on the petition it prepared for filing with the court. The United States Trustee notes that petition has a signature block which calls for a Non-attorney Petition Preparer to print their name and address, place their Social Security number and sign as required by 11 U.S.C. § 110. The pre-printed signature block on the petition includes bold print language that specifically references 11 U.S.C. § 110.

18. Therefore, the Preparer's failure to complete the signature blocks as a Non-attorney Petition Preparer in this case can only be seen as wilful. The Preparer will be fined $500 for failing to sign and print his name and address on the petition.

19. Section 110 of the Bankruptcy Code provides in relevant part:

> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies the individuals who prepared the document.
> (c)(2)(A) . . . [F]or purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security number of each individual who prepared the document or assisted in its preparation.
> (c)(2)(B) If a bankruptcy petition preparer is not an individual, the identity number of the bankruptcy petition preparer shall be the Social Security account number of the bank officer, principal, responsible person, or partner of the bankruptcy petition preparer.

11 U.S.C. §§ 110(c)(1) and (2)(A)-(B).

The Preparer failed to place his Social Security number or that of its officer, principal,

responsible person or partner on the petition.  He will be fined $500 for failing to do so.

    20.  Section 110 of the Bankruptcy Code provides in relevant part:

(b)(2)(A) Before preparing any document for filing or accepting any fees from a debtor, a bankruptcy petition preparer shall provide the debtor a written notice which shall be written on an official form prescribed by the Judicial Conference of the United States . . .
(B) The notice under subparagraph (A) -
  (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
  (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give . . .; and
  (iii) shall-
    (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
    (II) be filed with any document for filing.

11U.S.C. §§ 110(c)(2)(A) and (B).

The Judicial Conference of the United States has prescribed an Official Form to allow a bankruptcy petition preparer to provide the referenced notice i.e., Official Form 19 - Declaration and Signature of Non-Attorney Petition Preparer.   The Preparer did not provide the Debtor with such a notice and it was not filed with the court.  The Preparer will be fined $500 for such failure.

    21.  Section 110 of the Bankruptcy Code provides in relevant part:

(e)(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice describe in subparagraph (B).
(B) The legal advice referred to in subparagraph (A) includes advising the debtor . . .(vii) concerning bankruptcy procedure and rights.

11 U.S.C. § 110(e)(2)(A).

The Preparer gave the Debtor legal advice on bankruptcy rights and procedures including how to file a chapter 13 petition to stop a foreclosure on the Debtor's residence.  He will  be fined $500 for so doing.

    22.  Section 110 of the Bankruptcy Code provides in relevant part:

(h)(2)(A) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case . . . .

11 U.S.C. § 110(h)(2)(A).

The Preparer failed to file a declaration disclosing the $2,200 fee he received from Debtor services which included preparing the bankruptcy documents. He will be fined $500.

      23. Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer . . . .
> (D) prepared a document for filing in a manner that failed to disclose the identity of the petition preparer.

11 U.S.C. § 110(l)(2)(D).

The Preparer prepared the Debtor's petition in a manner that failed to disclose the Preparer's identity. He will be fined in the total amount of $2,500, as set forth above and a fine in that amount must be tripled to $7,500. The fine shall be paid to the United States Trustee. 11 U.S.C. § 110(l)(4)(A).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. Jose Chairez and J.C. Financials will be ordered to, jointly and severally, pay $4,400 to Marco Zaragoza and provide proof thereof to the United States Trustee within 30 days from the date of this Order; and;

2. Jose Chairez and J.C. Financials will jointly and severally be fined in the amount of $7,500 payable to the United States Trustee within 30 days from the date of this Order.

A separate order shall be entered.

Dated:

Jun 07, 2011

United States Bankruptcy Judge

E-filed by Mark L. Pope
    Direct Phone: (559) 487-5002 Ext. 240
    Email: Mark.Pope@usdoj.gov